**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ANTHONY BRODZKI**                                                                               **PLAINTIFF**

**v.**                     **Case No. 4:11-cv-00249-BSM**

**COOK COUNTY, ILLINOIS**                                              **DEFENDANT**

## ORDER

Anthony Brodzki moves [Doc. No. 1] for leave to proceed *in forma pauperis*. Because venue is improper in the Eastern District of Arkansas, the motion is DENIED as moot, and the case is dismissed.

28 U.S.C. § 1391 provides that a civil action must be brought in a judicial district in which the defendant resides, a district in which a substantial part of the events giving rise to the claim occurred, or a district where the plaintiff resides if no real property is involved in the action. Defendant is a county situated in the Northern District of Illinois. The events giving rise to the action occurred in the Northern District of Illinois. Plaintiff is a resident of North Richland Hills, Texas. Thus, it is clear that the Eastern District of Arkansas is in not the proper venue.

Because of the plaintiff's extensive history of frivolous filings both in this district and elsewhere it is not in the interest of justice to transfer his case, pursuant to 28 U.S.C. § 1406(a), to a district or division in which it could have been brought. *See*, *Brodzki v. United States of America, et al.*, Case No. 4:11-CV-00248-BRW (filed March 22, 2011). Additionally, because the Executive Committee of the Northern District of Illinois has barred

plaintiff from filing *pro se* without leave of the court, it would be inappropriate to transfer his case to that venue and allow him to circumvent the Northern District's order. Executive Committee Order, In re Anthony J. Brodzki, Case No. 10C4591 (N.D. Ill. July 23, 2011).

IT IS SO ORDERED this 20th day of April, 2011.

_____
UNITED STATES DISTRICT JUDGE